UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NEXT INSURANCE US COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> MICHIE HOSTEL INC, A/K/A MICHIE HOSTEL LLP, D/B/A DANCING CATS AND/OR DANCING CATS BAR, CHLOE MOTA, AND ALLISON KNIGHT, <br><br> Defendants. | Case No. 1:25-cv-30 |

**COMPLAINT**

**INTRODUCTORY STATEMENT**

The Plaintiff, Next Insurance US Company, brings this Complaint for declaratory relief, pursuant to 28 U.S.C. §1332, seeking a determination of the rights and responsibilities of the parties under a certain contract of insurance and, specifically, a declaration that it is not obligated to defend and/or indemnify and/or provide coverage to its insured, the Defendant, Michie Hostel Inc a/k/a Michie Hostel LLP d/b/a Dancing Cats and/or Dancing Cats Bar, nor any other person, with respect to claims for bodily injury brought by Chloe Mota and Allison Knight, who are named herein as Defendants/Interested Parties.

**PARTIES**

1.   Next Insurance US Company ("Plaintiff") is a corporation incorporated in Delaware, which maintains a principle office in Palo Alto, California, and, at all material

times hereto, was duly authorized to conduct business, including the issuance of contracts of insurance, in the State of Rhode Island.

2. Michie Hostel Inc a/k/a Michie Hostel LLP d/b/a Dancing Cats and/or Dancing Cats Bar ("Dancing Cats") is, upon information and belief, a corporation incorporated in the State of Rhode Island, with a principal office located in Providence, Rhode Island, and a registered agent of Cesar Michi Trujillo located in Providence, Rhode Island.

3. Chloe Mota is, upon information and belief, an adult individual with a place of residence located in Fall River, Massachusetts.

4. Allison Knight is, upon information and belief, an adult individual with a place of residence located in Fall River, Massachusetts.

## JURISDICTION & VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 in that diversity of citizenship exists between the Plaintiff and the Defendants, and in that the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that the events giving rise to the claims occurred in this judicial district and Dancing Cats conducts business in this district and the relevant acts and omissions of Dancing Cats, as alleged, occurred in this district.

7. An actual controversy exists between Plaintiff and Dancing Cats as to the rights and responsibilities of the parties under a contract of insurance and, thus, this

Court may declare the rights and legal obligations of the parties pursuant to 28 U.S.C. § 2201.

8. All necessary and proper parties are before the Court for the matters in controversy, and there is no other litigation between the parties concerning their rights and obligations under the subject insurance policy.

9. The Plaintiff brings this action seeking the interpretation of the insurance policy described below and a declaration of its rights and obligations thereunder.

10. An actual, justiciable controversy exists between the Plaintiff and Dancing Cats, and litigation as to this controversy is imminent and inevitable.

11. Resolution of the issues raised in this matter will dispose of all issues between the parties under the subject insurance policy.

12. The Plaintiff has complied with all terms, conditions and provisions of the subject insurance policy, and is specifically reserving any and all rights and defenses it has or may have under the subject insurance policy, including additional rights and defenses which may become apparent through the course of discovery in this matter.

13. The Plaintiff is specifically reserving its right to amend this Complaint for Declaratory Relief, depending on the facts that may develop through the course of discovery in this matter.

## FACTUAL ALLEGATIONS

14. This insurance coverage case arises out of a motor vehicle accident that occurred on April 16, 2024 on Interstate 195 in or around Seekonk, Massachusetts ("Accident").

15. Specifically, upon information and belief, an individual named Jason S. Kahian of Middleborough, Massachusetts was operating his vehicle eastbound on I-195 in or around Seekonk, Massachusetts, when his vehicle collided with another vehicle operated by an individual named Charm Howie of Providence, Rhode Island.

16. Ms. Mota and Ms. Knight claim that they were passengers in Mr. Kahian's vehicle at the time of the Accident.

17. Ms. Mota and Ms. Knight claim that they sustained bodily injuries in the Accident.

18. At all material times hereto, and as of April 16, 2024, Dancing Cats operated a bar/restaurant/nightclub/lounge business located at 41 Central Street in Providence, Rhode Island named "Dancing Cats Bar" ("Premises").

19. Ms. Mota and Ms. Knight claim that Mr. Kahian was a patron of Dancing Cats Bar at the Premises on the evening of the Accident.

20. Ms. Mota and Ms. Knight further claim that employees of Dancing Cats over-served Mr. Kahian at the Premises, causing him to become intoxicated.

21. Ms. Knight, through counsel, first provided the Plaintiff with notice of her claim by letter dated October 14, 2024 sent to Dancing Cats.

22. Ms. Mota, through counsel, first provided the Plaintiff with notice of her claim by letter dated December 11, 2024.

23. The Plaintiff has disclaimed coverage to Dancing Cats under its applicable insurance policy.

24. By and through this declaratory judgment proceeding, the Plaintiff seeks a declaration that Dancing Cats is not entitled to insurance coverage, and, thus, that the Plaintiff does not have a duty to defend or indemnify or provide coverage to Dancing Cats for claims asserted by Ms. Mota and/or Ms. Knight, based on the terms, conditions and exclusions of the applicable insurance policy.

## APPLICABLE POLICY PROVISIONS

25. The Plaintiff issued to Dancing Cats a Commercial General Liability Policy, Policy, Policy No. NXTHJ9QLY3-00-GL ("Policy"), with a policy period from March 21, 2024 through March 21, 2025, in connection with Dancing Cats' restaurant business.

26. The Policy contains, in pertinent part, the following provisions:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result…

2. **Exclusions**

   This insurance does not apply to:…

5

27. The Policy contains an Endorsement entitled "AMENDMENT OF LIQUOR LIABILITY EXCLUSION" (CG 21 50 04 13) which modifies the Policy as follows:

> The following replaces Exclusion c. under Paragraph **2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability:**
>
> **3. Exclusions**
>
> This insurance does not apply to:
>
> **c. Liquor Liability**
>
> "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
>
> (1) Causing or contributing to the intoxication of any person, including causing or contributing to the intoxication of any person because alcoholic beverages were permitted to be brought on your premises, for consumption on your premises;…
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:
>
> (a) The supervision, hiring, employment, training or monitoring of others by that insured; or
>
> (b) Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;
>
> if the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph (1), (2) or (3) above.
>
> This exclusion applies only if you:
>
> (1) Manufacture, sell or distribute alcoholic beverages;

    (2) Serve or furnish alcoholic beverages for a charge whether or not such activity:

      (a) Requires a license;

      (b) Is for the purpose of financial gain or livelihood;

    (3) Serve or furnish alcoholic beverages without a charge, if a license is required for such activity; or

    (4) Permit any person to bring any alcoholic beverages on your premises, for consumption on your premises.

28. The Policy includes a "LIQUOR LIABILITY COVERAGE" Endorsement, which states in pertinent part:

### SECTION I – LIQUOR LIABILITY COVERAGE

**1. Insuring Agreement**

 a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply…

### SECTION IV – LIQUOR LIABILITY CONDITIONS

…

**6. Representations**

By accepting this policy, you agree:

 **a.** The statements in the Declarations are accurate and complete;

 **b.** Those statements are based upon representations you made to us; and

7

> We have issued this policy in reliance upon your representations.

29. Dancing Cats represented to the Plaintiff in its application for insurance that it was a restaurant that served alcohol.

30. Dancing Cats represented in its application for insurance that it understood that it would not be covered for operation of a bar or tavern, including a nightclub.

31. Dancing Cats represented to the Plaintiff in its application for insurance that it did not offer a full bar with seating, did not serve complimentary drinks, did not extend drink promotions that last more than three hours per day, did not provide live entertainment, did not have a dance floor and was not open to customers between the hours of midnight and 5:00 a.m.

32. The Plaintiff relied upon the aforementioned representations by Dancing Cats in providing insurance coverage under the Policy.

33. Despite the aforementioned representations, Dancing Cats operated a nightclub and/or bar and/or lounge at the Premises.

34. Despite the aforementioned representations, Dancing Cats did in fact offer a full bar with seating, served complimentary drinks, extended drink promotions that lasted more than three hours per day, provided live entertainment, had a dance floor and was open to customers between the hours of midnight and 5:00 a.m.

## COUNT I – DECLARATORY RELIEF

35. The Plaintiff repeats and expressly incorporates herein by reference the allegations contained in paragraphs 1 through 28 above as if fully set forth herein.

36. The legal rights and responsibilities of the Plaintiff and Dancing Cats are controlled by the terms and conditions of the Policy, which is a contract of insurance.

37. The Plaintiff owes no duty of defense or indemnification or coverage to Dancing Cats for any damages to Ms. Mota or Ms. Knight pursuant to the Policy, because the Policy provides coverage for bodily injuries arising out of Dancing Cats' business operation as a restaurant.

38. An actual controversy exists between the Plaintiff and Dancing Cats as to the nature and extent of the Plaintiff's obligations pursuant to Policy.

39. No other method of relief is available to resolve this controversy.

40. A declaratory judgment will terminate this controversy.

## **PRAYERS FOR RELIEF**

WHEREFORE, the Plaintiff prays that this Honorable Court adjudge, order and declare as follows:

a. That Dancing Cats is not entitled to coverage for any claims arising out of the Accident, including but not limited to the claims of Ms. Mota and Ms. Knight, under the terms of the Policy;

b. That any claims arising under the Policy for the Accident, including but not limited to the claims of Ms. Mota and Ms. Knight, are barred under the terms, conditions, limitations, and/or exclusions of the Policy and/or Rhode Island law;

c. Declare the rights and other legal obligations arising under the Policy in favor of the Plaintiff;

d. Declare that the Policy provides no coverage for any claims arising out of the Accident, including but not limited to the claims of Ms. Mota and Ms. Knight;

e. Declare that Dancing Cats is not entitled to defense and/or indemnification under the Policy for any claims arising out of the Accident, including but not limited to the claims of Ms. Mota and Ms. Knight; and

   f. Award any other such relief as the Court deems just and proper under the circumstances.

                Respectfully submitted,
                **THE PLAINTIFF, NEXT INSURANCE US COMPANY,**
                By its attorneys,

                /s/ Gino Spinelli
                Gino Spinelli (#9320)
                DAVIDS & COHEN, P.C.
                34 Washington Street, Suite 201
                Wellesley, MA 02481
                P: (781) 416-5055
                E-mail: gspinelli@davids-cohen.com

Dated: January 22, 2025